UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN HUSSEY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CAMBRIDGE and<br>BRANVILLE BARD, individually and<br>in his capacity as Commissioner of the<br>Cambridge Police Department,<br><br>    Defendants. | Case No. 1:21-cv-11868<br><br>JURY DEMANDED |

## COMPLAINT

### I.   INTRODUCTION

1.   This is an action brought pursuant to 42 USC § 1983, asserting a violation of the First Amendment to the United States Constitution.  Plaintiff, a 24-year veteran police officer for the City of Cambridge, was placed on administrative leave, and then suspended, solely as a result of a comment he posted on his private Facebook page, which took issue with the proposed title of police reform legislation put forth by Democrats in the United States Congress. Specifically, Plaintiff reposted an article with the headline "House Democrats Reintroduce Police Reform Bill Named in Honor of George Floyd" and posted a comment in which he questioned why Democrats sought to honor  "a career criminal, a thief and druggie," adding that "the future of this country is bleak at best."

2.   As a result of his private Facebook post, Plaintiff was placed on administrative leave and Defendants issued him a four-day suspension, which he served, in violation of Plaintiff's First Amendment rights.

### II.   JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 USC § 1332, in that this case involves a federal question under the First Amendment to the United States Constitution.

4. Venue is proper in that all parties are residents of Eastern Massachusetts.

### III. PARTIES

5. Plaintiff Brian Hussey is an adult resident of Peabody, Massachusetts, and has been a police officer for the City of Cambridge for more than 23 years.

6. The City of Cambridge is a duly incorporated municipality within the state of Massachusetts, and it maintains a Police Department.

7. Defendant Branville Bard has, at all times relevant hereto, held the position of Commissioner of the City of Cambridge Police Department, the highest ranking position in the department. In his capacity as Commissioner, defendant Bard is responsible for the overall operation of the Cambridge Police Department, including making final decisions on any discipline of police officers.

### IV. FACTS

8. Plaintiff Hussey has at all times relevant hereto worked as a Cambridge police officer.

9. For years, Hussey has maintained a private Facebook page on which he occasionally posts comments or articles of interest to him, some personal and some political. The Facebook page does not identify him as a Cambridge police officer.

10. On or about February 25, 2021, Plaintiff read an article posted by Channel 7 WHDH with the headline "House Democrats Reintroduce Police Reform Bill Named in Honor of George Floyd."

11. Although Plaintiff supported police reform, and believed strongly that the individuals responsible for Floyd's death should be prosecuted criminally, he was concerned as a private citizen that an important act of Congress would be named "in honor" of someone who was reported to have a criminal record, included aggravated robbery during a home invasion, and history of drug abuse. Accordingly, while off-duty, Plaintiff posted the following comment along with the WHDH article; "This is what its come to 'honoring' a career criminal, a thief and druggie . . . the future of this country is bleak at best."

12. Plaintiff took the post down, as was his normal practice, about two hours after it was posted. The post in no way identified Plaintiff as a police officer.

13. Shortly thereafter, in March 2021, Plaintiff was informed by defendant Bard that he was being placed on "administrative leave" because of his post on Facebook. Plaintiff remained on administrative leave for about two months. After that, Defendant Bard, on behalf of the City of Cambridge, imposed a four-day suspension upon the plaintiff, which he served.

## COUNT ONE
## FREEDOM OF SPEECH – FIRST AMENDMENT

14. Plaintiff hereby incorporates by reference all stated paragraphs above.

15. The actions of the Defendants in punishing Plaintiff solely because, as a private citizen, he expressed his opinion on a matter of public concern, violates his free speech rights under the First Amendment to the United States Constitution. This claim is asserted pursuant to 42 U.S.C. § 1983.

16. As a direct result of Defendants' violation of Plaintiff's free speech rights under the First Amendment, Plaintiff has suffered irreparable harm, including his suspension and loss of his constitutional rights, entitling him to declaratory and injunctive relief as well as monetary damages.

**JURY DEMANDED**

Plaintiff requests a trial by jury.

WHEREFORE Plaintiff requests this honorable court to grant him the following relief;

1. Rescission of all penalties including the suspension and placement on administrative leave;

2. Back pay and other lost benefits, during the improper placement on administrative leave and suspension;

3. Emotional distress and punitive damages for Defendants' willful conduct;

4. Interest and attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

5. Such other relief as to this court is just and reasonable.

DATED: November 17, 2021         Respectfully submitted,

                                 BRIAN HUSSEY,

                                 By his attorney,


                                 /s/Benjamin J. Weber
                                 Benjamin J. Weber, BBO No. 673736
                                 Law Office of Benjamin J. Weber
                                 P.O. Box 960796
                                 Boston, MA 02196
                                 (617) 202-6270
                                 Fax: (617) 207-2133
                                 bweber@benweberlaw.com