UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRIAN HUSSEY,<br>　　　Plaintiff,<br><br>v.<br><br>CITY OF CAMBRIDGE and<br>BRANVILLE BARD,<br>in his capacity as Commissioner of the<br>Cambridge Police Department<br>　　　Defendant[s]. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） | C.A. No.: 1:21-CV-11868-AK |

## ANSWER AND JURY DEMAND OF DEFENDANTS CITY OF CAMBRIDGE AND DR. BRANVILLE BARD, JR. IN HIS CAPACITY AS COMMISSIONER OF THE CAMBRIDGE POLICE DEPARTMENT IN RESPONSE TO PLAINTIFF BRIAN HUSSEY'S COMPLAINT

Now come the Defendants City of Cambridge and Dr. Branville Bard, Jr., in his capacity as Commissioner of the Cambridge Police Department[1], (the "City") and hereby respond to the allegations in the Complaint (the "Complaint") of Plaintiff Brian Hussey ("Plaintiff") as set forth herein.

### INTRODUCTION

1. The allegations in Paragraph 1 of the Complaint call for legal conclusions to which no response is required.

2. The allegations in Paragraph 2 of the Complaint call for legal conclusions to which no response is required.

### JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the Complaint call for a legal conclusion to which no response is required.

---

[1] The claim against Dr. Branville Bard, Jr. in his individual capacity was dismissed by decision of the Court dated October 11, 2022.

4.      The allegations in Paragraph 4 of the Complaint call for legal conclusions to which no response is required.

## PARTIES

5.      The City is without knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

6.      Admitted.

7.      The City admits only that Dr. Branville Bard, Jr. was the Commissioner of the Cambridge Police Department and that in his capacity as Commissioner Dr. Branville Bard, Jr. was responsible for the overall operation of the Cambridge Police Department. The City denies the remaining allegations in Paragraph 7 of the Complaint.

## FACTS.

8.      Admitted.

9.      The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.      The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.      The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12.      The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.      The City admits that Dr. Branville Bard, Jr. placed the Plaintiff on administrative leave in March 2021 and that the Plaintiff was suspended for four days. The City denies the remaining allegations contained in Paragraph 13 of the Complaint.

## COUNT I

14.     The City restates its responses to the allegations in Paragraphs 1 through 13 as if fully set forth herein.

15.     Denied.

16.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent Plaintiff fails to state a claim upon which relief may be granted, the City requests that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense

To the extent the City had any obligations to Plaintiff, such obligations have been fully, completely, and properly performed in every respect.

### Third Affirmative Defense

The City states that it acted in good faith upon reasonable belief and that its actions were in accordance with the Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Massachusetts.

### Fourth Affirmative Defense

At all relevant times to the Complaint, the City acted in a non-discriminatory manner.

### Fifth Affirmative Defense

The City is not liable because the City acted in accordance with law.

### Sixth Affirmative Defense

The Plaintiff had no deprivation of a right protected by the United States Constitution.

### Seventh Affirmative Defense

The City acted without malice.

**Eighth Affirmative Defense**

None of the City's actions were a proximate cause of the Plaintiff's alleged harm.

**Ninth Affirmative Defense**

To the extent the Plaintiff alleges he was injured and/or damaged, such alleged harm and/or alleged damages are the result of the Plaintiff's own actions.

**Tenth Affirmative Defense**

The Plaintiff is precluded from recovering costs and attorneys' fees from the City in this action.

**Eleventh Affirmative Defense**

The City has no unconstitutional customs or policies, and is therefore not liable to the Plaintiff.

**Twelfth Affirmative Defense**

The City reserves the right to assert such other defenses as may become known to it during the course of discovery and litigation.

**JURY DEMAND**

The City demands a trial by jury on all issues so triable.

Respectfully submitted,

CITY OF CAMBRIDGE,
By its attorney,

Kate M. Kleimola
Kate M. Kleimola (BBO #664978)
Cambridge Law Department, City Hall
795 Massachusetts Avenue
Cambridge, MA  02139
(617) 349-4121
kkleimola@cambridgema.gov

Dated:  April 6, 2023

## CERTIFICATE OF SERVICE

I, Kate M. Kleimola, do hereby certify that on April 6, 2023 a true and accurate copy of the attached Answer to the Complaint was served via e-mail on counsel of record.

_Kate M. Kleimola_
Kate M. Kleimola